Filed 2/7/18

# <u>CERTIFIED FOR PUBLICATION</u>

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| TODAY'S FRESH START CHARTER SCHOOL, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> INGLEWOOD UNIFIED SCHOOL DISTRICT et al., <br><br> Defendant and Respondent. | B280986 <br><br> (Los Angeles County Super. Ct. No. BS163240) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Amy D. Hogue, Judge.  Affirmed.

Doll Amir & Eley, Mary Tesh Glarum, Lloyd Vu and Michael M. Amir; Procopio, Cory, Hargreaves & Savitch, Kendra J. Hall and John C. Lemmo for Plaintiff and Appellant.

Burke, Williams & Sorensen and John R. Yeh for Defendants and Respondents.

Lozano Smith, Sloan R. Simmons, Megan E. Macy, and Erin M. Hamor; Elaine M. Yama-Garcia and D. Michael Ambrose for California School Boards Association's Education Legal

Alliance, Amicus Curiae on behalf of Defendants and Respondents.

_____

Under the Education Code, in order to add a new charter location, an established charter school must obtain approval in the form of a material revision from the authority that granted its charter.  (Ed. Code, § 47605, subd. (a)(4).)[1]  Today's Fresh Start Charter School (Today's Fresh Start), the appellant in this appeal, sought both this approval and renewal of its charter in the same petition to the Inglewood Unified School District (IUSD), respondent.  We conclude that a petition for renewal is governed by different procedures than a petition seeking to add an additional location, and that IUSD was correct in treating them separately.  The trial court properly denied the mandate relief sought by Today's Fresh Start.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant operates a public charter school authorized by IUSD.  Its original charter was authorized in 2009 for a location on West Imperial Highway in Inglewood; this charter was renewed in 2012.

On November 5, 2015, Today's Fresh Start submitted a document to IUSD entitled "Renewal and Material Revision of the Today's Fresh Start Charter School Petition."  It sought renewal of the charter for the period from July 1, 2015 through June 30, 2020.  In the same petition, it also sought authorization

_____

[1] All statutory references are to the Education Code unless otherwise indicated.

to operate a second site, at 2255-57 Adams Boulevard, Los Angeles (the Adams location). This proposed additional site was within the boundaries of the Los Angeles Unified School District, not those of IUSD. Appellant relied on section 47605.1, subdivision (d) which permits location outside the authorizing school district under certain conditions.

California Code of Regulations, title 5, section 11966.4, subdivision (c),[2] provides: "If within 60 days of its receipt of a petition for renewal, a district governing board has not made a written factual finding as mandated by Education Code section 47605(b), the absence of written factual findings shall be deemed an approval of the petition for renewal." As of January 6, 2016, 60 days after the petition was submitted, IUSD had not made any factual findings concerning the petition.

In early February, Dr. Jeanette Parker, superintendent of Today's Fresh Start, contacted Dr. Stephen McCray, Executive Director for IUSD, regarding the petition. In a letter following that telephone conversation, Dr. McCray informed Dr. Parker that "through inadvertence and the transition of the oversight of charter school functions" the petition had not been forwarded to his office until January. "I now have a copy and, therefore, we will now proceed to commence the review of the Charter and schedule the matter for receipt by the State Administrator, a public hearing, and action." The matter was placed on the agenda for public hearing at the March 9, 2016 District Board meeting.

---

[2] Hereafter referred to as Section 11966.4; this and other regulations governing charter schools were adopted pursuant to section 33031.

In response, Dr. Parker took the position that the petition was deemed approved by operation of law, based on the absence of factual findings within 60 days of its submission. She attended the March 9 IUSD board meeting and objected to the untimely review of the petition.

The April 8 staff report to the State Administrator of IUSD, Dr. Vincent Matthews, concluded that Today's Fresh Start's charter was automatically renewed because IUSD did not take action on it within 60 days of its receipt. It treated the request for approval of the Adams location as a "material revision" which was not subject to the 60-day automatic renewal, and recommended denial of that request for failure to meet the requirements under the Education Code. The matter was placed on the IUSD District Board agenda. At the May 11, 2016 District Board meeting, the State Administrator adopted the proposed resolution which acknowledged the automatic renewal of Today's Fresh Start's charter, but denied its request to operate the Adams location.

Today's Fresh Start filed a petition for writ of mandate, seeking an order directing IUSD and the State Administrator to set aside the resolution denying the request to operate the Adams location. Today's Fresh Start argued that its entire petition was approved by operation of law based on IUSD's failure to act within 60 days, and that IUSD improperly "carved away" the request for the Adams location as a material revision, to be treated separately. The trial court rejected this argument and denied the requested relief. This is a timely appeal from the ensuing judgment.

## DISCUSSION

4

## I

On review of a trial court's judgment on a petition for writ of mandate under Code of Civil Procedure section 1085, "we apply the substantial evidence test to the trial court's findings of fact and exercise our independent judgment on legal issues, such as the interpretation of statutory or regulatory requirements." (*Menefield v. Foreman* (2014) 231 Cal.App.4th 211, 217.) The core question in this case is whether the approval by operation of law of a petition for renewal of a charter school also applies to a request for material revision of a charter contained in the same petition. This turns on the applicable statutes and regulations governing the approval processes, and we exercise our independent judgment on this question.

## II

As relevant to this case, there are three categories of approval governing charter schools: an initial petition for the establishment of a charter school; a petition to renew an existing charter; and a petition for approval of a material revision to an existing charter. The material revision at issue is the addition of a second school location.

Section 47605 describes the required content for a petition to establish a charter school and sets out the criteria for the grant of a charter, including operational requirements and educational goals. (Subds. (b)(5), (c), (d).) Subdivision (g) requires a description of the facilities to be used by the school, including its location. This subdivision is directed at the initial establishment of a charter school; it requires financial statements including a proposed first-year budget, startup costs, and financial projections for the first three years of operation. Since Today's Fresh Start specified only the Imperial Highway site in its

5

petition to establish the charter school, that was the sole approved location.

The same statute contemplates the possibility that a charter school may wish to add additional sites after it is established: "*After* receiving approval of its petition, a charter school that proposes to establish operations at one or more additional sites shall request a *material revision* to its charter and shall notify the authority that granted its charter of those additional locations. The authority that granted its charter shall consider whether to approve those additional locations at an open, public meeting. If the additional locations are approved, they shall be a material revision to the charter school's charter." (§ 47605, subd. (a)(4); italics added.)

"Renewals and material revisions of charters are governed by the standards and criteria in section 47605, and shall include, but not be limited to, a reasonably comprehensive description of any new requirement of charter schools enacted into law after the charter was originally granted or last renewed." (§ 47607, subd. (a)(2).)

Although the standards and criteria in section 47605 apply to all three types of approval, the procedure applicable to each is different. The first step for establishing a charter school is submission of a petition to the governing board of the school district signed by a specified percentage of parents or teachers, based on the estimated number of pupils or teachers who will be involved in the school in its first year. (§ 47605, subd. (a)(l)(A) & (B).) There is no signature requirement for a petition for renewal (§ 11966.4, (a)(2)(A)), nor for a request for material revision.

No later than 30 days after receiving a petition for establishment of a charter school, a school district is required to

hold a public hearing on the provisions of the charter and must grant or deny the charter within 60 days of receipt of the petition. (§ 47605, subd. (b).) Denial of a petition to establish a charter school requires "written factual findings, specific to the particular petition, setting forth specific facts" about the inadequacy of the petition, as described in the statute. (*Ibid*.) If the petition is denied, there is an appeal process: the petitioner may submit the petition to the county board of education, and if that is denied, then to the State Board of Education. (§ 47605, subd. (j)(1).)

Charter renewals are addressed separately in section 47607. Subdivision (a)(3)(A) directs the granting authority to consider increases in pupil academic achievement as the most important factor in determining whether to grant a charter renewal, and subdivision (b) details the information by which that achievement will be measured. Section 11966.4 spells out the review process for a renewal application, noting the need to include "a reasonably comprehensive description of how the charter school has met all new charter school requirements enacted into law after the charter was originally granted or last renewed." (§ 11966.4, subd. (a)(2) et seq.) "When considering a petition for renewal, the district governing board shall consider the past performance of the school's academics, finances, and operation in evaluating the likelihood of future success, along with future plans for improvement if any." (*Ibid*.)

Similar to the requirement for denial of a petition to establish a charter school, the denial of a petition for renewal of a charter school requires the district governing board to make "written factual findings, specific to the particular petition, setting forth specific facts to support one or more of the grounds for denial set forth in Education Code section 47605(b) or facts to

7

support a failure to meet one of the criteria set forth in Education Code section 47607(b)." (§11966.4, subd. (b)(2).) ·

The principal procedural difference between the petition to establish a charter school and the petition for renewal is the deemed approval provision for renewals in section 11966.4, subdivision (c): "If within 60 days of receipt of a petition for renewal, a district governing board has not made a written factual finding as mandated by Education Code section 47605(b), the absence of written factual findings shall be deemed an approval of the petition for renewal." (Italics added.) A request for material revision to add another school location after the establishment of a charter school is a distinct kind of petition. The entity that granted the charter is required to consider whether to approve a proposed additional location at an open, public meeting (§ 47605, subd. (a)(4).) But there is no specific time frame for that public meeting or for a decision, and no requirement for specific written factual findings. Most significantly, there is no provision in the statutes or in the regulations that the request be deemed approved if the governing body fails to act. This is in contrast to Section 11966.4, which includes a "deemed approval" provision for a renewal petition.

### III

Turning to our facts, Today's Fresh Start's initial petition for establishment of a charter school listed 3504 West Imperial Highway in Inglewood as the location of the proposed charter school. This initial petition was granted in July 2009 and renewed in March 2012. Once Today's Fresh Start received approval to establish the charter school, its later intent to establish operations at an additional location was governed by section 47605, subdivision (a)(4): it was required to request a

8

material revision to its charter from the granting authority. IUSD was required to consider this request at an open, public meeting. Approval of the additional location would constitute a material revision to the school charter. (*Ibid*.)

Today's Fresh Start appears to have followed that procedure. It submitted a combined petition[3] to IUSD for "Renewal and Material Revision of the Today's Fresh Start Charter School Charter Petition" for the term July 1, 2015 through June 30, 2020. In addition to seeking renewal of the school charter, this petition specified the Adams location as the proposed additional site. Inclusion of the renewal request and the material revision in the same petition does not change the fact that two different types of approval were being sought, each with its own criteria and process.

Today's Fresh Start argues it was not petitioning to amend its existing charter, but instead was petitioning for approval of a new proposed charter, "submitted for approval via renewal." New charters are subject to the signature requirements in section 47605, subdivision (a)(1) (A) and (B). More importantly, there is no deemed approval provision for a petition to establish a charter school. Today's Fresh Start cannot present this as a new petition and still benefit from IUSD's failure to act within 60 days.

Today's Fresh Start argues that since its renewal petition specified the additional Adams school site, approval of the renewal petition by operation of law approved the Adams location

---

[3] At the hearing in superior court on the petition for writ of mandate, counsel for Today's Fresh Start referred to the "Petition for Renewal and Material Revision of the Today's Fresh Start Charter School Charter Petition" as a "dual document."

because that site was incorporated into the renewed charter and did not amount to a material revision to the charter. But as we have explained, the regulatory scheme specifically distinguishes between the procedure for a petition for renewal and the procedure for approval of an additional school site after an initial charter petition has been granted. The renewal process is slanted toward approval: specific written factual findings are required if the petition for renewal is to be denied, and failure to meet the strict timeline for issuing these findings results in the petition being deemed approved. (§ 11966.4, subd. (c).) The process for adding an additional location is separately described as a "material revision." There is no time frame for consideration of such a request, no written findings required for denial, and no provision for the request to be deemed approved in the absence of timely action. We see no basis for ignoring the distinct process set out for these two different types of approval.

The strict timeline for denial of a renewal petition is justified by the need for certainty during the school year. Parents, students, and teachers need ample notice whether the charter school will be authorized to continue operation for the following year. Sufficient time must be available for the charter school to pursue all necessary review processes if the renewal petition is denied. (See California State Board of Education September 2011 Agenda, Final Statement of Reasons, p. 8, Comment A5.) Allowing approval of a renewal by operation of law where the chartering authority has failed to act within the timeline permits the school to continue under its existing charter, which had been subject to public hearing and detailed review at the time the charter petition was approved.

10

The additional location in this case was being proposed after the approval of the initial charter, so it did not undergo any detailed review or public consideration at the time the charter school was established. Allowing approval of the Adams location by operation of law would short circuit the consideration of the proposed location at an open public meeting, as required by section 47605, subdivision (a)(4). The Legislature did not include a comparable time imperative for approval of an additional location, nor is there any regulatory consequence similar to that for renewal petitions.

We agree with IUSD and with the trial court that the deemed approval applies to the petition to renew the charter, but not to the request for a material revision to add the Adams location. IUSD retained the authority to consider the request for material revision to add the Adams location despite the fact that the renewal petition had been deemed approved.

**DISPOSITION**

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION**

EPSTEIN, P. J.

We concur:

MANELLA, J.          COLLINS, J.

11